# Downey, Appellant, *v.* Pittsburg Railways Company.

*Street railways—Passenger—Collision between wagon and car—Nonsuit.*

In an action by a passenger against a street railway company to recover damages for personal injuries sustained by being struck by a pole of a wagon in a collision between wagon and car, a nonsuit is properly entered where the evidence shows that as the car approached a cross street with a steep grade and covered with ice, a team of horses was coming down the grade at a high rate of speed and beyond the control of the driver; that the motorman was not able to see the team until near the crossing; that a person ahead of the car threw up his hands as a signal, and the motorman slowed the car down, but immediately upon seeing the team, increased the speed so as to avoid collision; and that the tongue of the wagon struck near the rear of the car, injuring plaintiff alone, whereas if the speed had not been increased it would have struck the middle of the car and possibly injured a number of persons.

Argued Nov. 8, 1907. Appeal, No. 193, Oct. T., 1907, by plaintiff, from order of C. P. No. 3, Allegheny Co., Aug. T., 1905, No. 288, refusing to take off nonsuit in case of John A. Downey v. Pittsburg Railways Company. Before Fell, Brown, Mestrezat, Elkin and Stewart, JJ. Affirmed.

Trespass to recover damages for personal injuries.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off, Kennedy, P. J., filing the following opinion :

We are unable to see, from the testimony in this case, any negligence on the part of the defendant company. It seems clearly a case of sudden danger and the motorman acting according to his best judgment. If a mistake was made, it was only a mistake of judgment in the emergency, and the defendant company would not be liable therefor.

It seems from the testimony that the car, at the time of the accident, was passing along Fifth avenue, in the city of Pittsburg, approaching a cross street called Pride street, which had a very steep grade and was at the time covered with ice, and down which a team of horses was coming at a high rate of

speed, and beyond the control of the driver. The motorman was unable to see the approaching team until near the Pride street crossing, when a person on the street, some distance in front of the car, throw up his hands by way of a signal to the motorman, who immediately recognized it and checked the speed of the car, doing all that was required of him under the circumstances, viz.: putting his car under complete control. And then, seeing the team approaching in the manner described, the inference is that he supposed that he could get past and avoid the collision of the team with his car by increasing his speed, which he did at once.

If this was a mistake, it was only a mistake of judgment acting in the emergency of sudden danger, and for such a mistake the company would not be liable.

But was it any mistake? The inference would seem to be that if he had not increased his speed, the tongue of the wagon, which, in the accident, struck near the rear of the car and injured only one person, would have struck in the middle of the car before he could have stopped, and perhaps have injured, instead of one, a number of persons. So that we are not able to see even that it was a mistake of judgment. But it would be no more than that; and, as stated, we are unable to see in the circumstances any negligence on the part of the defendant company.

Phillips v. People's Passenger Railway Company, 190 Pa. 222, it seems to us, rules this case.

The motion to take off the nonsuit must be denied. It is so ordered.

*Error assigned* was refusal to take off nonsuit.

*Rody P. Marshall,* with him *Thomas M. Marshall* and *Meredith Marshall,* for appellant.

*William A. Challener,* with him *Clarence Burleigh* and *James C. Gray,* for appellee.

Per Curiam, January 6, 1908 :

A majority of the court are of opinion that the judgment entered in this case should be affirmed for the reason stated in the opinion of the learned judge who presided at the trial.

The judgment is affirmed.